IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

HUMBERTO GONZALEZ-MUNOZ,

        Defendant.
_____/

CR. NO. S-08-0087 EJG

<u>ORDER DENYING DEFENDANT'S MOTION TO REVOKE AND TERMINATE SUPERVISED RELEASE</u>

    Defendant, a federal prisoner proceeding through counsel, has filed a motion seeking to revoke and terminate his supervised release. For the reasons that follow, the motion is DENIED.

<u>Background</u>

    Defendant was convicted March 25, 2009 pursuant to his plea of guilty of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He was sentenced by this court to a term of 24 months incarceration, to be followed by a term of three years supervised release, one of the conditions of which was that he not commit any new crimes. On November 1, 2010, after serving his term of imprisonment, defendant was deported.

1

Two weeks later he was arrested after being found again in the United States. The arrest resulted in a subsequent prosecution in the Southern District of California for another violation of 8 U.S.C. § 1326. Defendant is currently serving a 63-month term of incarceration on that charge.

Defendant's conduct, commission of a new crime, also constituted a violation of a condition of supervised release imposed by this court. As a result, on February 22, 2011, the United States Probation Office filed a petition alleging a violation of the terms of supervised release and requested the issuance of an arrest warrant. Since defendant was already in custody in the Southern District, a detainer (hold) was placed on him.

After receiving notice of the pending petition, defendant filed a pro se request to be brought before this court, or, alternatively for dismissal of the petition. After the court directed the United States to file a response and set a briefing schedule, defendant requested appointment of counsel. The federal defender's office, counsel in the underlying case, accepted appointment and filed the instant motion seeking to revoke and terminate the term of supervised release.

## Discussion

Noting that defendant's current release date is June 12, 2015, making it at least three years before he will appear in this court on the petition, and that recent amendments to the

sentencing guidelines recommend against imposition of supervised release for deported aliens convicted of illegal reentry, defendant requests revocation and termination of the underlying 36 month term of supervised release.

In support of the motion, counsel points to recently amended U.S.S.G. § 5D1.1 ( c ), which states that supervised release should not "ordinarily" be imposed if the defendant will likely be deported after imprisonment.  Since November 1, 2011, the effective date of the amendment, defendant states that "in most cases" involving § 1326 offenders, the probation office recommends ***no*** term of supervised release.  Citing Application Note 5, defendant posits that adequate deterrence and protection of the public can be addressed by a new prosecution, thus making imposition of a term of supervised release unnecessary.

However, as the government points out, the amendment's effective date makes in inapplicable to defendant.  Nor, in any event, is he eligible for early termination of supervised release under the controlling statute.  "The court may, after considering [various factors] (1) terminate a term of supervised release and discharge the defendant released at any time ***after one year of supervised release*** . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (emphasis added).

Here, defendant violated the conditions of supervised release within two weeks of his release from custody.  He did not

3

spend the requisite one year on supervised release, nor does his conduct warrant early termination. Even were the court to consider the amendment to U.S.S.G. § 5D1.1 retroactively, defendant's conduct suggests he is not entitled to its application. While a new prosecution "ordinarily" provides adequate deterrence and public protection, Application Note 5 also states that the court ***should*** consider imposing a term of supervised release on defendants who have illegally returned to the United States if the court determines that such a term would provide an "added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1, Application Note 5.

Defendant's criminal history reveals he is a repeat offender, committing the same crime again and again by returning to this country without permission. Such conduct demonstrates no respect for the rule of law and a breach of trust. Since continued imprisonment does not seem to have a deterrent effect on defendant, the court cannot say that a new prosecution serves the goals of adequate deterrence and public protection.

Based on the foregoing, defendant's motion to revoke and terminate supervised release is DENIED.

IT IS SO ORDERED.

Dated: June 25, 2012

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

4